■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY BROCK, Appellant. [757 NYS2d 436] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered on or about April 2, 1998 unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO SANCHEZ, Appellant. [757 NYS2d 437] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered June 4, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. The credible evidence clearly established that defendant, acting through an accomplice, sold drugs to an undercover officer, and defendant's assertion that he was merely a purchaser lacks evidentiary support. Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.